Electronically Filed - Jackson - Kansas City - July 02, 2021 - 02:04 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| **RYANN RIGSBY,** ) | |
| ) | |
| **individually and on behalf of those similarly** ) | |
| **situated,** ) | **Case No.** |
| ) | |
| ) | **JURY TRIAL REQUESTED** |
| **Plaintiff** ) | |
| **v.** ) | |
| ) | |
| **PLAZA CLUB CITY APARTMENTS, LLC** ) | |
| **Serve at:** ) | |
| **CT Corporation System** ) | |
| **120 South Central Ave.** ) | |
| **Clayton, MO 63105** ) | |
| ) | |
| **Defendant.** ) | |

## CLASS ACTION PETITION

Plaintiff Ryann Rigsby ("Plaintiff"), pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, and on behalf of all similarly situated persons, brings this Class Action Petition for an injunction, violations of the Missouri Merchandising Practices Act, breach of the implied warranty of habitability, and breach of contract in order to hold Defendant Plaza Club City Apartments, LLC ("PCA") accountable for its repeated violations of Missouri law and deceptive and unfair practices relating to its overcharging for services and failure to maintain its premises in a safe, sanitary, and habitable condition throughout its rental building, namely the Plaza Club City Apartments in Kansas City, Missouri.

## NATURE OF THIS ACTION

1. Defendant PCA rents apartments to individuals.

1

**EXHIBIT A**

2.      Defendant PCA fails to maintain its properties, leaving its tenants with unsafe and inadequate air conditioning, homeless squatters on the premises, dangerous mold, unprotected parking lots, and broken laundry machines.

3.      Defendant PCA demands full rent from its tenants despite its repetitive and intentional failure to address unlawful housing conditions that pose a serious threat to health and safety of its tenants.

4.      Defendant PCA overcharges it tenants for utility services such as trash collection and sewer.

5.      Defendant PCA's ongoing business practice is to profit at the expense of vulnerable tenants by collecting full rent and excess utility payments while refusing to invest in keeping its properties safe and habitable.

6.      Defendant PCA's business practices include retaliation against its tenants who complain of substandard conditions.

7.      Plaintiff resides in a PCA apartment at 609 W. 46th Street, Kansas City, Missouri, County of Jackson, Missouri.

8.      Defendant PCA is a Delaware Limited Liability Company, doing business in the State of Missouri and is registered by the Missouri Secretary of State under registration number FL001412835.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action because PCA has, within this state: (1) transacted business, (2) made contracts, (3) attempted or conducted an eviction on families' homes, and (4) committed tortious acts.

2

10.     Plaintiff has incurred damages as a result of Defendants' wrongful conduct, described more fully below.

11.     Venue is proper in this Court pursuant to R.S.Mo. § 508.010(2), because the wrongful conduct occurred in Jackson County, Missouri.

## COMMON FACTUAL ALLEGATIONS

12.     Defendant PCA owns rental units and buildings in the Jackson County area, including in the City of Kansas City, Missouri.

13.     Defendant PCA owns the rental buildings located at 609 W. 46th St., Kansas City, Missouri 64112, County of Jackson, Missouri and 4621 Jefferson St., Kansas City, Missouri 64112.

14.     Plaintiff signed a residential lease agreement with Defendant PCA for the period beginning September 11, 2020 and ending September 15, 2021.

15.     Jaime Woods, agent or representative for Defendant PCA, signed the lease executed by Plaintiff. *See* Exhibit A.

16.     Plaintiff timely made her rent payments to Defendant PCA.

17.     In June 2020, residents' air conditioning began having problems and eventually stopped working all together.

18.     Despite knowing there was a problem, Defendant PCA did nothing to correct the issue through the long winter months when the lack of air conditioning did not pose health and livability issues.

19.     As the temperature began to warm up in April and May 2021, tenants again complained about the lack of air conditioning. Defendant PCA did nothing to fix the problem or alleviate the tenants' burdens of having to pay for other services to provide a cooler living

environment. These other sources varied from purchasing extra fans and/or portable air conditioners to moving into hotels to withstand the heat.

20.     Defendant did not credit Plaintiff, or other tenants, rent and did not allow early release from her lease due to the unhealthy and unsafe conditions at the property.

21.     On June 17, 2021, the temperature for Kansas City, Missouri was 99 degrees.

22.     On June 18, 2021, the temperature for Kansas City, Missouri was 98 degrees.

23.     On June 20, 2021, the temperature for Kansas City, Missouri was 96 degrees.

24.     During the month of June 2021, the temperature in Plaintiff's apartment reached higher than 95 degrees.

25.     During the week of June 13, 2021, the National Weather Service issued excessive heat watches for Kansas City stating that the heat index values could top 105 to 110 degrees several days that week and into the week of June 20, 2021.

26.     Despite receiving complaints for no air conditioning during excessive heat watches, Defendant PCA did nothing to help alleviate the conditions for Plaintiff or the other tenants.

27.     Under the terms of the lease, Defendant PCA determines Plaintiff's monthly utility charges and fees by allegedly applying the calculation method(s) stated in the lease.

28.     Defendant PCA submits an itemized charge summary to Plaintiff which allegedly contains Plaintiff's individual share of the utility charges and fees.

29.     Defendant PCA, however, inflates the amounts of utility charges and fees which Plaintiff actually owes under the lease.

30.     Defendant PCA contracts with Zego (Powered by PayLease) ("Zego") for collection of the utility charges and fees.

4

31.    Plaintiff remits the amount of rent, utilities, and fees to Zego on a monthly basis, as determined by PCA

32.    Upon information and belief, Zego remits the same to Defendant PCA.

33.    As a direct and proximate cause of Defendant PCA's improper determination of the applicable utility and fee amounts, Plaintiff pays grossly inflated amounts for utility services and unnecessary fees.

### **THE PROPOSED PLAZA CLUB CITY APARTMENTS CLASS**

34.    The Class of persons who plaintiffs represent consists of the following:

> All Missouri citizens who signed a lease with Defendant and rented at Plaza Club City Apartments between June 2011 and the present.

35.    The class is limited to only Missouri citizens.

36.    The injuries complained of by the class occurred in Missouri.

37.    The amount in controversy on the state-wide class action claims does not exceed $5 million.

38.    Defendant's business involves leasing its units to its tenants and collecting rent from its tenants.

39.    The members of the Class are so numerous that joinder of all of them is impracticable.

40.    There are questions of law or fact common to the Class, including:

a.    Whether the living conditions at Plaza Club City Apartments are unsafe for the tenants due to broken security gates, broken locks on garage doors, and other deficient conditions.

b.    Whether the living conditions at Plaza Club City Apartments are unsafe for the tenants because they contain mold in units.

c.    Whether the living conditions at Plaza Club City Apartments are unsafe for the tenants because of lacking air conditioning to the units.

d.  Whether the living conditions at Plaza Club City Apartments are unsafe for the tenants because of infestations of unwelcomed insects, pests and homeless squatters.

e.  Whether the living conditions at Plaza Club City Apartments are unsafe for the tenants because of exposed electrical wires.

f.  Whether the living conditions at Plaza Club City Apartments are unsafe which conditions constituted a breach of the implied warrant of habitability.

g.  Whether the Plaza Club City Apartments tenants were deceived regarding the conditions of their rented apartments.

h.  Whether the Plaza Club City Apartments utilized a common method for determining a tenant's proportionate share of utilities.

i.  Whether the Plaza Club City Apartments grossly inflated the actual amount of utilities and fees owed by the tenants.

41.  Plaintiff's claims are typical of the claims of the Class and predominate over any questions impacting only individual members.

42.  Plaintiff has retained counsel who is competent and experienced in class action litigation, and will fairly and adequately protect the interests of the Class.

43.  A class action, under Rule 52.08 of the Missouri Rules of Civil Procedure, is superior to other available methods for the fair and efficient adjudication of this controversy because:

a.  The named Representative has the same interest as other members of the Class, and are financially able to, and will, vigorously prosecute this action on behalf of the Class;

b.  It is desirable to concentrate the litigation in this forum because the damages suffered by individual members of the Class may be relatively small, and the expense and burden of individual litigation make it impracticable for individual Class members to pursue separate litigation. Such a situation would permit defendant to retain the benefits of its wrongdoing despite violations of the law; and

c.  No difficulties are likely to be encountered in the management of this litigation as a class action.

6

**COUNT ONE**
**REQUEST FOR INJUNCTION**

44.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 43 as if stated in full in Count One.

45.     Defendant habitually fails to perform needed maintenance and timely complete repairs which jeopardize the safety and security of its tenants.

46.     When tenants report maintenance issues or needed repairs, Defendant refuses to take their calls and fails to take remedial action.

47.     Defendant's intentional misconduct poses an immediate threat to the health, safety and welfare of its tenants by blatantly violating the laws enacted to protect tenants.

48.     Tenants have experienced harassment and retaliation in response to their repeated requests for Defendant to perform maintenance and needed repairs, and continue to live in unsafe, dangerous and unsanitary conditions.

49.     Plaintiff requests that this Court enjoin Defendant from collecting rent until this Court finds that Defendant has adequately fixed the complaints made by the Plaintiff - tenants.

50.     There is no windfall for Plaintiff or Defendant since Plaintiff has requested to pay her contractual rent obligations to the court directly or *in custodial legis* procedure.

51.     Defendant will not suffer grave and irreparable harm if the temporary injunction is granted since Plaintiff will be paying her rent in an *in custodial legis* procedure.

52.     Plaintiff's remedies at law are inadequate.

53.     Plaintiff is in the need of this Court's order restraining Defendant from collecting rent directly from Plaintiff without performing the needed maintenance and timely repairs which jeopardize the safety and security of Defendant's tenants.

WHEREFORE, Plaintiff requests for the Court to enter an order directed to Defendant with the following temporary relief:

    a.  Defendant is restrained from collecting rent directly from Plaintiff;

    b.  Plaintiff shall pay rent in an *in custodial legis* procedure; and

    c.  Defendant shall immediately perform the needed maintenance and repairs to its units which jeopardize the safety and security of its tenants.

<u>**COUNT TWO**</u>
<u>**VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**</u>
<u>**IMMPLIED WARRANTY OF HABITABILITY**</u>

54.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 53 as if stated in full in Count Two.

55.    Defendant leased rental unit apartments to Plaintiff and the class members.

56.    Defendant entered into a contract with Plaintiff and the class members regarding its rental units.

57.    Missouri law recognizes the implied warranty of habitability into every single residential lease.

58.    Plaintiff's lease contained an implied warranty of habitability that Defendant shall maintain the premises in a safe, sanitary and habitable condition, and in compliance with state and local laws.

59.    Leasing is a service under R.S.Mo. § 407.010 et seq.

60.    Missouri's Merchandising Practices Act prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." R.S.Mo. § 407.020.

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 02:04 PM

61.     Defendant failed to deliver and maintain the premises to Plaintiff in compliance with local law.

62.     Upon information and belief, during Plaintiff's tenancy, there have developed dangerous and unsanitary conditions on the premises that materially affect the life, health and safety of Plaintiff and the class members.

63.     The dangerous and unsanitary conditions include the following:

    a.  No air conditioning unit;

    b.  No air conditioning working;

    c.  Unlocked and opened doors of vacant premises;

    d.  Broken security gates and security doors;

    e.  Feral animals running loose;

    f.  Unauthorized persons living on the premises in janitorial closets; and

    g.  Unsafe condition with the common pool.

64.     The above-stated actions constitute acts and practices leading to misrepresentations, concealment, false promises, fraud, omissions, deceptions, and unfair practices of and concerning material facts in violation of R.S.Mo.§ 407.020.

65.     Defendant's actions constitute a pattern and practice of deceptive conduct.

66.     Defendant's acts described above constitute violations of the MMPA.

67.     As a direct and proximate result of Defendant's violations of the MMPA, Plaintiff suffered ascertainable losses in an amount to be determined at trial.

68.     Plaintiff and the class members have suffered the loss of money and property due to Defendant's conduct including: humiliation and anguish because of living in substandard and unsafe conditions, anxiety, depression, emotional distress, loss of sleep, and made rent payments

while the premises was and is substandard, security deposit, and unnecessary out-of-pocket costs.

69.     As a result of defendant's violations of the MMPA, it is liable to Plaintiff for all damages allowed by the MMPA, including for fees paid for services not performed, interest on the those fees, costs of suit, attorney's fees, expert witness fees, pre-judgment interest, post-judgment interest, and other such relief as the Court may determine.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against defendant on Count Two of her Class Action Petition for MMPA Violations, for actual damages, award plaintiff her attorneys' fees and costs, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

**COUNT THREE**
**BREACH OF THE IMPLIED WARRANTY OF HABITABILITY**

70.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 70 as if stated in full in Count Three.

71.     Plaintiff's lease contained an implied warranty of habitability that Plaintiff shall maintain the premises in a safe, sanitary, and habitable condition, and in compliance with state and local laws.

72.     Missouri law recognizes the implied warranty of habitability into every single residential lease.

73.     The implied warranty that the premises shall be delivered and maintained in a safe, sanitary, and habitable condition was a crucial element of the consideration for the rental agreement between plaintiff and defendant.

74.     Defendant failed to deliver and maintain the premises to Plaintiff and class members in compliance with local law.

10

75.     Defendant breached its duty to deliver and maintain the premises to Plaintiff and class members in a safe, sanitary, and habitable condition by:

    a.   Plaintiffs and class members notified Defendant of the unsafe, unsanitary or otherwise uninhabitable conditions of the unit;

    b.   Defendant promised to make repairs but took no meaningful action to quickly, competently and effectively make the necessary repairs; and

    c.   Defendant failed to remediate the conditions.

76.     As a direct and proximate result of Defendant's breach of lease, Plaintiff and class members have been damaged.

77.     Upon information and belief, during the Plaintiff and class members' tenancies, there existed and have developed dangerous and unsanitary conditions on the premises that materially affect the life, health and safety of the Plaintiff and class members.

78.     The dangerous and unsanitary conditions include the following:

    a.   No air conditioning unit;

    b.   No air conditioning working;

    c.   Unlocked and opened doors of vacant premises;

    d.   Broken security gates and security doors;

    e.   Feral animals running loose;

    f.   Unauthorized persons living on the premises in janitorial closets; and

    g.   The pool in unsafe condition for regular use.

79.     Defendant was given reasonable notice of the conditions.

80.     Plaintiff and class members requested that Defendant make the units safe and habitable numerous times.

81.     Defendant failed to render the units safe and habitable.

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 02:04 PM

82. The existence of dangerous and unsanitary conditions constitutes a breach of the implied warranty of habitability, rendering units uninhabitable.

83. The uninhabitable conditions of PCA's units amounts to a breach of Plaintiff and class members' leases with defendant, amount to a failure of consideration by defendant, renders the value of the units at zero dollars ($0.00) per month, and thus Plaintiff and class members' obligation to pay full and total rent under the terms of the leases to defendant is and was suspended.

84. Defendant's actions were willful, wanton and malicious and outrageous because of evil motive or a reckless indifference to the rights of others.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant on Count Three of her Class Action Petition for Breach of the Implied Warranty of Habitability, for actual damages, award plaintiffs her attorneys' fees and costs, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## COUNT FOUR
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT
## UTILITY CHARGES AND FEES

85. Plaintiff restates and alleges the allegations contained in paragraphs 1 through 84 as if stated in full in Count Four.

86. Defendant leased rental unit apartments to Plaintiff and class members.

87. Defendant entered into a contract with Plaintiff and class members to enter its rental units.

88. Leasing is a service under R.S.Mo. § 407.010 et seq.

12

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 02:04 PM

89.    Missouri's Merchandising Practices Act prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." R.S.Mo. § 407.020.

90.    The leases contain terms whereby Defendant is required to properly determine tenant's share of utility charges and fees.

91.    Upon information and belief, during and before Plaintiff and class members' tenancies, Defendant persistently engaged in unfair practices by improperly determining the amount of utility charges and fees due and owing to Defendant under the lease, grossly inflating the amount due and owed, reporting the grossly inflated amount due and owed for payment by Plaintiff and class members.

92.    The above-stated actions constitute acts and practices leading to misrepresentations, concealment, false promises, fraud, omissions, deceptions, and unfair practices of and concerning material facts in violation of R.S.Mo.§ 407.020.

93.    Defendant's actions constitute a pattern and practice of deceptive conduct.

94.    Defendant's acts described above constitute violations of the MMPA.

95.    As a direct and proximate result of Defendant's violations of the MMPA, Plaintiff and class members suffered ascertainable losses in an amount to be determined at trial.

96.    Plaintiff and class members have suffered the loss of money due to Defendant's conduct.

97.    As a result of defendant's violations of the MMPA, it is liable to Plaintiff for all damages allowed by the MMPA, including for fees paid for services not performed, interest on

the those fees, costs of suit, attorney's fees, expert witness fees, pre-judgment interest, post-judgment interest, and other such relief as the Court may determine.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant on Count Four of her Class Action Petition for MMPA Violations, for actual damages, award Plaintiff her attorneys' fees and costs, together with pre-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

**COUNT FIVE**
**VIOLATION OF R.S.MO. § 441.233(2)**

98.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 97 as if stated in full in Count Five.

99.     Defendant leased rental unit apartments to Plaintiff and class members.

100.     In June 2020, Defendant allowed the air conditioning system to stop working.

101.     Despite numerous requests and demands to fix the air conditioning system, Defendant intentionally failed to repair and replace the air conditioning system.

102.     Defendant did not cease the air conditioning services for the health or safety reasons.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant on Count Five of her Class Action Petition for violation of R.S.Mo. § 441.233(2), for actual damages, double damages and prejudgment interest pursuant to R.S.Mo. § 534.330, together with costs and further relief as the Court may deem necessary and proper.

**COUNT SIX**
**BREACH OF CONTRACT**

103.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 102 as if stated in full in Count Six.

14

104.    Pursuant to the express terms of the Lease held by Plaintiff and the class members, PCA was required to "act with customary diligence to … (2) maintain … A/C equipment."

105.    Plaintiff and the class members agreed to, and did, pay a rent for their units.

106.    Plaintiffs and the class members fully performed their obligations under the leases.

107.    PCA failed to perform and materially breached the leases of Plaintiff and the class members by not maintaining the A/C equipment, subjecting Plaintiff and the tenants to excessive and dangerous heat conditions.

108.    As a direct and proximate result of PCA's breach of the Plaintiff and the class members' leases, Plaintiff and the class members have suffered pecuniary damages.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant on Count Six of her Class Action Petition for Breach of Contract, for actual damages, award plaintiffs her attorneys' fees and costs, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

 */s/ Joseph A. Kronawitter*

| | |
|---|---|
| Joseph A. Kronawitter | MO Bar No. 49280 |
| Taylor P. Foye | MO Bar No. 71527 |

HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone 816-421-0700
Facsimile 816-421-0899
jkronawitter@hab-law.com
tfoye@hab-law.com

**Attorneys for Plaintiff**